UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**TAMMY DONALDSON-RUDD,**
    **- Plaintiff**


    **v.**                        **CIVIL NO.  03:08-CV-01626 (CFD) (TPS)**


**MICHAEL J. ASTRUE**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**
    **- Defendant**


### MAGISTRATE JUDGE'S OPINION

The plaintiff, Tammy Donaldson-Rudd, brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying her application for disability benefits.  For the principal reasons set forth below, the court recommends  that the case be remanded pursuant to sentence six of § 405(g) for further proceedings.  28 U.S.C. § 636(b)(1)(A).

    A.   Background

The plaintiff applied for disability benefits on May 20, 2002. Her claim was denied initially in June 2002 and again on reconsideration in December 2002.  (Tr. 24, 28-31).  Following the denial of benefits, the plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

At the hearing, which was held on February 23, 2004, ALJ Deidre

1

Horton heard the testimony of the plaintiff. (Tr. 390-429). The ALJ also reviewed the extensive medical records that now comprise the administrative record. (Tr. 15). Thereafter, on June 18, 2004, the ALJ issued a decision in which she found that the plaintiff was not disabled. The ALJ's decision became final on August 27, 2008, when the Appeals Council denied the plaintiff's request for review. (Tr. 6-8).

### B. Discussion

In support of her motion to reverse and or remand, the plaintiff argues, *inter alia*, that the ALJ improperly failed to include in the administrative record certain additional medical records submitted by counsel after the hearing date but before the ALJ released her decision. The records are from the Norwalk Community Health Center where the plaintiff received treatment from at least three physicians over the course of three years. (Pl. Mem. App. 7). According to the plaintiff, failure to consider the records led the ALJ to improperly reject the opinions of her treating physicians that her impairments prevented her from working.

Pursuant to sentence six, a district court may remand a final decision of the Commissioner and order the Commissioner to consider additional evidence "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Second Circuit applies a

three-part test to determine whether a remand for new evidence is warranted:

> The [party seeking the remand] must show that the proffered evidence is (1) "new" and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently. Finally, claimant must show (3) good cause for [his] failure to present the evidence earlier.

Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991) (citations omitted) (citing Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).

First, the court concludes that additional medical records submitted by the plaintiff's counsel are "new" and not merely cumulative of those already considered by the ALJ. In her decision, the ALJ repeatedly pointed to the complete absence in the adminstrative record of any "treatment records" from the treating physicians as a reason for her rejection of the treating physicians' opinions regarding the plaintiff's limitations. (Tr. 18-20). The additional medical records from the Norwalk Community Health Center are exactly the type of records the ALJ expressly noted were missing. Indeed, the new evidence includes several pages of "Progress Notes" which provide detail on the plaintiff's visits with Drs. Bizeta, Gassman, and Krishnadasan — the same treating physicians whose opinions the ALJ rejected. (Tr. 18, 20).

Second, the court concludes that the additional medical records are material in that they are relevant to the plaintiff's condition during the time period for which benefits were denied and probative of the issue of whether the plaintiff is disabled.  The additional records cover the time period between October 2002 and March 2004, an interval which followed the date on which the plaintiff alleges she became disabled.

Furthermore, the court concludes that there is a reasonable possibility that the additional records might have influenced the ALJ to decide the plaintiff's application differently.  Indeed, the ALJ expressly stated that the absence of any medical records from the plaintiff's treating physicians was a reason for her rejection of their opinions regarding the plaintiff's limitations: "While [the statements from the treating physicians] show that the claimant has received treatment for low back pain, they are almost completely devoid of any medical signs or laboratory findings regarding the claimant's alleged impairments."  (Tr. 20).  In the absence of any supporting treatment records, the ALJ viewed the opinions of the treating physicians as mere bald conclusions not "entitled to controlling weight or special significance."  (Tr. 20).

Third, the court concludes that good cause exists for the plaintiff's failure to present the additional treating records earlier.  During the hearing held on February 23, 2004, the ALJ agreed to keep the record open until March 8, 2004 to afford

4

plaintiff's counsel time to obtain additional records, including the treating records from the Norwalk Community Health Center.  (Tr. 397).  The plaintiff's counsel stated that he had already requested such records, but that it might take approximately one month to obtain them.  (Tr. 397-98).  Moreover, plaintiff's counsel noted that the plaintiff "continues to get treatment at the Norwalk Community Health Center."  (Tr. 397).

On or before March 8, 2004, plaintiff's counsel submitted three sets of additional records, under separate cover letters, which the ALJ added to the administrative record.  Plaintiff's counsel also represents that he sent an additional letter along with the treating records from the Norwalk Community Health Center to the ALJ on April 21, 2004.  The ALJ did not add the treating records to the administrative record — most likely because they were somehow lost or misdirected prior to her receipt.  Apparently, no one attempted to verify that all relevant records had been incorporated into the administrative record.  The ALJ issued her decision on June 18, 2004, without considering the additional treating records, some of which pertain to medical treatment the plaintiff received approximately one month after the hearing date.

## C.   Conclusion

For the reasons set forth above, the court recommends remanding the case pursuant to sentence six of § 405(g) so that the Commissioner can add to the administrative record the additional

treating records contained in the plaintiff's appendix.  After consideration of such treating records the Commissioner must determine, consistent with the treating physician rule, whether the prior findings and decision should be modified or affirmed.[1]

Accordingly, the court recommends that the plaintiff's motion for remand be **GRANTED**. [Dkt. #21].  The court further recommends that the parties' competing motions for judgment be denied. [Dkts. ## 21, 12].

Either party may timely seek review of this recommended ruling in accordance with Rule 72 (b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 72 (b).  Failure to do so may bar further review.  28 U.S.C. § 636 (b)(1) (B); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

**IT IS SO ORDERED**.

   **Dated at Hartford, Connecticut, this 17th day of July, 2009.**


                                   /s/ Thomas P. Smith
                                   **Thomas P. Smith**
                                   **United States Magistrate Judge**

---

[1] Pursuant to the Act, upon remand the Commissioner "shall . . . after hearing such additional evidence . . . modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."  42 U.S.C. § 405(g).

6